## GREEN v KORNS

Ohio Appeals, 2nd Dist, Franklin Co

No 2816. Decided Oct 7, 1937

B. E. Sapp, Mt. Vernon, and T. H. Clark, Columbus, for plaintiff-appellee.

Robert L. Carr, Mt. Vernon, for defendant-appellant.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on defendant's appeal on question of law from the judgment of the Court of Common Pleas of Franklin County, Ohio. In the court below, the plaintiff, Elizabeth Green, filed her petition seeking damages against the defendant for personal injuries claimed to have been sustained through an automobile collision at a highway intersection, between the cars of the defendant Korns and the husband of the plaintiff.

Plaintiff was riding in her husband's car as a passenger. The petition charges that the defendant was negligent in the operation of his car in the following particulars:

"(1) The defendant did not have control of his said automobile in that he ran it into and against the automobile in which the plaintiff was riding.

"(2) The defendant operated his said automobile at a rate of speed greater than was reasonable and proper, having due regard for the traffic, surface and width of the highway and of conditions then existing, to-wit, approximately fifty miles per hour.

"(3) The defendant operated his said automobile at a greater rate of speed than would permit him to bring it to a ·stop within the assured clear distance ahead.

"(4) The defendant operated his said automobile on a public highway without due regard to the safety and rights of pedestrians and drivers and occupants of all other vehicles and so as to endanger the life, limb and property of other persons while in the lawful use of said highway.

"(5) The defendant operated his said automobile to the left of the center of the highway.

"(6) The defendant after he saw the automobile in which the plaintiff was riding upon the highway failed and neglected to check the speed of his automobile or to do any other thing to avoid colliding with the automobile in which the plaintiff was riding."

The petition contained the further allegation that the car in which plaintiff was riding was being operated in a westerly direction and that the defendant was driving his car in a northerly direction.

Defendant in his answer admitted that he was driving a Studebaker automobile in a northerly direction, and that a collision occurred with the automobile in which plaintiff was riding at the time and place alleged in plaintiff's petition. The answer denied each and every other allegation. Further answering the defendant through his pleading raised the issue of contributory negligence.

Plaintiff's reply was a general denial of any and all new matter. Trial was had before a court and jury resulting in a verdict for the plaintiff in the sum of $1000.00. Motion for new trial was duly filed setting out the following grounds:

"1. The verdict is contrary to the law and the evidence.

"2. Amount of damages granted in the verdict are excessive.

"3. Error occurred in the admission and exclusion of evidence and in the charge of the court."

After hearing, the motion for new trial was overruled and judgment entered upon the verdict. Counsel for appellant failed to file an assignment of error as required under §12223-21, GC, and also provided for in the rules of this court. Such failure is a ground for dismissal of appeal, but as yet we have not invoked this provision of our rules where briefs have been filed within time and through which it is ascertainable as to the claimed grounds of error.

Searching the motion for new trial, together with plaintiff's brief, we are able to summarize the following specific assignments of error:

(1) That the court erred in allowing evidence of deafness of plaintiff in one ear as attributable to the accident, since petition contained no averment of specific injury to hearing.

(2) Error of court in granting leave to amend petition so as to allege injury to ear causing deafness.

(3) Error in charge of court in the following particulars:

1. Reference that testimony of interested witnesses is generally colored.

2. Instruction to jury that in the eyes of the law one who testifies falsely in one respect is false in all.

3. Charge in respect to right of way.

4. Charge on last clear chance.

5. Verdict against manifest weight of the evidence.

Considering these specific grounds of error in the order set forth, the first is as to claimed error in the admission of evidence. This ground of error is not well taken for the reason that defendant interposed no objection to the introduction of this testimony. It came into the record first through an answer of Dr. Harry E. Myers, a witness for plaintiff. Dr. Myers was the first witness called by plaintiff. He had been an attending physician of the plaintiff following the accident. During the course of his testimony he volunteered the information that plaintiff's hearing had been materially affected and that he could attribute no other cause than the injury to the side of the head.

The petition contained no allegation of claimed injuries of this character. Consequently, the evidence would have been improper had the objection been interposed. This was not done, but on the other hand additional testimony of other witnesses was presented on the identical question and all of the witnesses cross-examined on this subject of defective hearing. Had objec-

tions been interposed on the ground that there was no allegation in the petition in reference to defects no doubt the trial court would have sustained the objection. In any event under the state of the pleading it would have been prejudicial error not to so do. The law is well recognized that error in the introduction of evidence can not be raised where no objection has been made to its presentation.

## SECOND CLAIMED GROUND OF ERROR

Did the court err in permitting plaintiff to amend her petition so as to make specific claim of injury to her ██ ear? The application to amend pleading was made after plaintiff had examined three witnesses. Among other things, each of the three had been examined and cross-examined as to facts touching the question of defect in hearing and its probable cause. Up to this stage no objection to the presentation of this evidence had been interposed.

Counsel for defendant did object strenuously to the application to amend. Everything that was said in support of the objection would have been unanswerable as an objection to the introduction of the testimony, but under the state of the record it was not well grounded as to the application to amend.

The trial court was very careful to ascertain whether or not the defendant would be taken by surprise. The court's inquiry was calculated to preserve all rights to defendant. Had counsel for defendant indicated that they were taken by surprise and that they were not prepared to meet this new issue the proper procedure would have been to have asked the withdrawal of a juror and the continuance of the case. The trial court specifically said to counsel that if desired they would be given opportunity to have further medical examination made so as to present their expert testimony on this claimed defect of hearing. It was counsel's reply that they would consider that matter later. Nothing further was presented to the court at any time, although there was additional testimony presented on this new issue. We do not think the trial court committed any error in permitting the amendment to the petition to conform to the facts.

The further question is raised that while permission to amend the petition was impliedly at bar and by interlineation, yet no such amendment has been made. This objection is not at all vital since any reviewing court under the statutes has the power to have the amendment made so as to conform to the order of the court. Notwithstanding our power of action thereunder, we do criticize the failure of counsel to bring the record into this court in a completed form.

The amendment may be made.

This brings us to the claimed errors in the charge of the court. On the question of credibility of witnesses, the trial court used the following language:

"Now in determining these issues, members of the jury, you will, of course, look carefully to the credibility of the witnesses. That means their worthiness of belief. Look to the manner and conduct, appearance, manner of testifying of a witness upon the stand; consider the witness' intelligence, fairness. Some witnesses have greater powers of observation; some have better memories; some have greater ability to state exactly and accurately what they saw and heard. Also a witness' testimony naturally is colored by one's interest in a controversy or in the parties to the controversy. Consider what, if any, weight that has upon a witness' testimony. You may reject all or any part of a witness' testimony. If you believe a witness has testified falsely in one respect, intentionally so, why you may reject all or any part of that witness' testimony, because in the eyes of the law one who testifies falsely in one respect is false in all respects. So, members of the jury, it is entirely for you to say just how much of a witness' testimony you believe and to give credit accordingly. Hear each witness' testimony and then take the evidence as a whole and determine the issues, whether or not the plaintiff has proved the first two elements by a preponderance of the evidence. And then on the question of contributory negligence, whether or not the defendant has proved that by a preponderance of the evidence."

We see no prejudicial error in that part of the court's charge wherein it referred to testimony of interested ██ witnesses being colored. It might have been preferable had the court merely directed the jury's attention to the possibility rather than have made the statement as a conclusion of the court. However, it was general in its character and could not apply to the parties and witnesses of one side any more than to the other.

The next complaint of the charge is wherein the court used the following language:

"It you believe a witness has testified falsely in one respect, intentionally so, why you may reject all or any part of that witness' testimony, because in the eyes of the law one who testifies falsely in one respect is false in all respects."

This presents a more serious problem. The court was absolutely right when he made the statement that the jury, █ if they concluded that any witness was intentionally testifying falsely in one respect, they might reject all or any part of such witness' testimony. It was erroneous to █ say as a matter of law that one who testifies falsely in one respect is false in all respects. Mead v McGrace, 19 Oh St 55, 4th Syl.; Curtis v State, 113 Oh St 187, 212. The mere fact that the statement is erroneous is not necessarily a ground for new trial. A reviewing court is always required to determine whether or not any disclosed error is prejudicial. It may be correctly assumed that no case presents a record entirely free from error. At the time of the trial, counsel for defendant evidently did not look on the charge of the court as erroneous in any particular, since no exceptions, either general or special, were taken. Again, this objectionable phrase was very general in its character and did not specifically refer to either party or any witness. It could only have application as and when a jury would find that some witness or party was willfully testifying falsely. Then the court stated that there was a maxim of law that false in one instance, false in all. Notwithstanding this the jury were specifically told that it was within their province to determine what credit would be given to each and every witness, and that if they believed that a witness had testified falsely they might reject all or any part of such witness' testimony. Taking the charge as a whole we are unable to determine that the erroneous statement of the maxim was prejudicial error.

Complaint is also made that the trial court erred in its charge to the jury on the question of right of way. We find no error in the court's charge on this subject. Taking it as a whole, we think the statement of the law is correct.

Objection is made that the court erroneously charged the doctrine of last clear chance.

This question was raised through specification 6 of the petition. It is very questionable if the evidence invoked the doctrine and the court so stated to the jury. We can not see that the comments were in any sense prejudicial to the rights of the defendant.

## WAS THE VERDICT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW?

We have examined the transcript of docket and journal entries including the pleadings and have read the transcript of the evidence with great care. We start the consideration of the question of the weight of the evidence with the mandate that the law favored the judgment of the trial court. It is also necessary to consider that the plaintiff, Mrs. Green, was not the operator of the car in which she was riding, and any negligence of her husband, Mr. Green, in operating his █ car would not be imputed to her. The negligence, if any, of Mr. Green was only material if it should appear that such negligence was the sole cause of the accident and resultant injuries to the plaintiff. We think counsel for appellant is erroneously laboring under the impression that the defendant had the preferential right under the so-called right of way provision of the Code. It is our conclusion that the preferential right was with Mr. Green, the driver of the car in which the plaintiff was riding. The general provision of the Code is that the car approaching from the right has the preference over the one approaching from the left. This provision has its exceptions under another section of the Code which provides that the operator on main thoroughfares, etc., holds the preferential right. There is nothing in the pleadings or in the record to disclose that the operator on either road had a preferential right over the other and hence the general provision would control, giving the preference to the operator approaching from the right. Of course, preferential right is conditioned on operating in lawful manner.

We are unable to conclude that the verdict was against the manifest weight of the evidence. The judgment of the trial court will be affirmed and cause remanded for further proceedings according to law. Costs will be adjudged against the appellant.

HORNBECK and GEIGER, JJ, concur.